IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| CRISTOBAL LAZO BONILLA, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | 1:11cr549 |
| | ) | 1:13cv955 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner Cristobal Lazo Bonilla's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 ("Motion"). [Dkt. 29.] For the reasons set forth below, the Court will deny Petitioner's Motion.

### I. Background

Petitioner is a citizen of El Salvador with no valid claim of citizenship or any lawful status in the United States. (Statement of Facts [Dkt. 17] at 1.) On October 29, 2003, Petitioner was convicted in the United States District Court for the Eastern District of Wisconsin of distributing cocaine in violation of 21 U.S.C. §§ 841(a) and (b)(1)(C). (*Id.*) Petitioner served eighty-four months in prison and was then deported. (*Id.*)

On October 13, 2011, law enforcement officers located Petitioner within the Eastern District of Virginia and charged him with illegal reentry. (Indictment [Dkt. 13] at 1.) On December 2, 2011, Petitioner pled guilty to Illegal Reentry After Conviction for an Aggravated Felony in violation of 8 U.S.C. §§ 1326(a) and (b)(2). This Court consequently sentenced Petitioner to forty-eight months incarceration, a sentence below the applicable guideline range. (Judgment [Dkt. 26] at 1.)

Petitioner did not pursue an appeal, and instead filed the instant action along with an accompanying memorandum on July 30, 2013. (Mem. Supp. Mot. to Vacate at 9.) Petitioner's sole ground for relief is that this Court inappropriately enhanced his sentence in violation of *Alleyne v. Unites States*, __ U.S. __, 133 S. Ct. 2151 (2013), which, according to Petitioner, prohibits a sentencing court from considering any fact not found by a jury in enhancing a sentence. (Mem. Supp. Mot. to Vacate at 1-2.) Petitioner insists that he pled guilty to one count of illegal reentry and the Court erroneously "applied a 16 level enhancement to [his] guideline range after finding that he had an old prior conviction for a felony involving trafficking." (*Id.* at 2.) Thus, concludes Petitioner, because this Court made a judicial finding of his previous conviction and used this to boost his sentence, the Court violated his Sixth Amendment

rights as determined by *Alleyne*. (*Id*. at 2-3, 9.) As discussed below, this argument is meritless.

## II. Analysis

Prior to *Alleyne,* the Supreme Court held in *Harris v. United States,* 536 U.S. 545 (2002) that facts increasing a mandatory minimum sentence could be decided by a judge at sentencing rather than a jury. *Id*. at 563-65. *Alleyne* overruled *Harris* and held that such facts are instead elements that "must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S. Ct. at 2158. The Court reasoned that facts increasing a mandatory minimum must be found by a jury because they "alter the prescribed range of sentences to which a defendant is exposed." *Id.* at 2158. This, however, "does not mean that any fact that influences judicial discretion must be found by a jury." *Id.* at 2163. Facts that do not alter the statutory maximum and minimum but only affect the amount of punishment within the applicable range are sentencing factors a court may consider in its discretion. *See id.* at 2163 (citing *Apprendi v. New Jersey,* 530 U.S. 466, 481 (2000)). Further, when a defendant pleads guilty, the guilty plea serves as an admission of all the elements and material facts alleged in the indictment for purposes of applying the appropriate statutory range and for sentencing. *United States v. Nicholson,* 676 F.3d 376, 384 (4th Cir. 2012) (quoting *United States v. Bowman,* 348

3

F.3d 408, 414 (4th Cir. 2003)).  Finally, *Alleyne* did not disturb *Almendarez-Torres v. United States,* 523 U.S. 224 (1998), which authorizes a sentencing court to apply an enhanced sentence based upon its finding of applicable prior convictions. *Alleyne*, 133 S. Ct. at 2160 n.1; *see also United States v. Croft*, No. 12-4890, 2013 WL 3615944, at *1 (4th Cir. July 16, 2013).

Analyzed under these principles, Petitioner's claim must fail.  First, Petitioner admitted his prior felony conviction as part of his plea deal.  Thus, it was not necessary for the Court to make a "finding" as to whether Petitioner had a previous conviction that subjects him to an enhanced guidelines calculation.  *See Jarrett v. United States*, 2013 WL 5508053, at *2 n.3 (W.D. Mich. Oct. 3, 2013) (finding it "doubtful" that *Alleyne* would apply to defendant because his guilty plea established the necessary facts to increase his sentence); *Hallman v. United States*, Cr. No. 3:05-376, 2013 WL 4647536, at *6 n.9 (D.S.C. Aug. 29, 2013) (finding *Alleyne* inapplicable where the mandatory minimum sentence was increased only upon facts to which the defendant pleaded).  In any event, the sentencing enhancement Petitioner challenges affected only the advisory guidelines and not the statutory minimum punishment as outlawed in *Alleyne*.  *See United States v. Mason*, No. 12-4934, 2013 WL 6172545, at *1 (4th Cir. Nov. 6, 2013) (holding that

4

*Alleyne* is inapplicable to sentencing enhancements that impact only the advisory guidelines calculation). And finally, as noted by several recent cases, the rule set forth in *Alleyne* does not apply to prior convictions. *See Croft*, 2013 WL 3615944, at *1 (observing that *Alleyne* does not prohibit a district court from applying a heightened sentence based upon prior convictions); *see also United States v. Blair*, 734 F.3d 218, 227 (3d Cir. 2013) ("*Alleyne* do[es] nothing to restrict the established exception under *Almendarez-Torres* that allows judges to consider prior convictions."); *United States v. Wright*, Nos. 05-619-1, 12-1539, 2013 WL 5707876, at *4 n.22 (E.D. Pa. Oct. 13, 2013) ("Defendant's guidelines range was increased because he was a 'career offender,' within the meaning of U.S.S.G. § 4B1.1, a fact proved because of prior convictions; therefore, there could be no violation of the principles outlined in *Alleyne* and related cases."). In sum, the *Alleyne* ruling is unfitting on the facts presented and Petitioner has not submitted any further arguments that warrant consideration.[1]

---

[1] In addition, *Alleyne* is not retroactively applicable to cases on collateral review. A plaintiff who collaterally attacks his or her conviction on the basis of a new rule of criminal procedure, as Petitioner does here, must establish that the change applies retroactively. *Miller v. United States,* No. 13-6254, 2013 WL 4441547, at *3 (4th Cir. Aug. 21, 2013). The Fourth Circuit has determined that *Alleyne* is not such a case. *United States v. Stewart,* No. 13-6775, 2013 WL 5397401, at *1 n.* (4th Cir. Sept. 27, 2013).

### **III. Conclusion**

For the foregoing reasons, the Court will dismiss Petitioner's Motion. An appropriate Order will issue.

|  | /s/ |
|---|---|
| December 4, 2013 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |